**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Iris Negron,** ) | **CASE NO. 1:09 CV 691** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Michael J. Astrue,** ) | **Memorandum of Opinion andOrder** |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiff's Motion to Vacate Judgment and Respond to Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. 23). This is a social security case. For the reasons that follow, the motion is DENIED.

### ANALYSIS

In this case, the Magistrate Judge issued a Report and Recommended Decision ("R&R") recommending reversal of the Commssioner's decision and an award of benefits. The government filed objections. Fourteen days later, this Court issued its Memorandum of Opinion

1

and Order ("Opinion") rejecting the R&R and affirming the decision of the Commissioner. Immediately after this Court issued its Opinion, plaintiff filed the instant motion. According to plaintiff, she believed that she had "30 days to respond, consistent with Rule 7.1(d) or at least 14 days consistent with the Magistrate Judge's original order." Plaintiff is incorrect. Rule 7.1(d) addresses the filing of briefs in opposition to dispositive and nondispositive motions and the Magistrate Judge's order simply indicated that the parties had 14 days to file objections to the R&R. The Magistrate Judge's order said nothing about the filing of a response to the objections. Plaintiff offers no authority indicating that she is entitled to respond to the government's objections. Accordingly, the Court did not err issuing its opinion prior to receiving a response from plaintiff to the government's objections.

The remainder of plaintiff's filing consists of a response to the government's objections. Plaintiff does not expressly take issue with the Court's Opinion. Regardless, plaintiff offers no new evidence in her filing. Plaintiff argues that the ALJ improperly rejected Dr. Tanio's opinion and erred by indicating that Dr. Tanio stated that plaintiff's symptoms were "well-controlled with medication.[1]" This Court thoroughly addressed these issues in its Opinion and plaintiff offers no new argument or evidence not considered and rejected by the Court.

The same holds true with regard to plaintiff's remaining arguments. For example,

---

[1] Plaintiff also complains that the ALJ improperly discredited Dr. Tanio's opinion because plaintiff had no gait abnormalities and did not require a walking aid. While plaintiff correctly notes that fibromyalgia may be disabling without the presence of gait normalities or the use of walking aids, that is not the sole basis for the ALJ's rejection of Dr. Tanio's opinion. Rather, as set forth in this Court's Opinion, the ALJ properly discredited Dr. Tanio's opinion based on the internal inconsistencies contained therein.

2

plaintiff claims that the ALJ misstated the record when he discounted plaintiff's pain based on her lack of treatment. The ALJ concluded that, while plaintiff sought emergency room treatment for benign and serious conditions, she did not seek treatment specifically for fibromyalgia. Plaintiff argues that the record shows that plaintiff did seek treatment for fibromyalgia after 2006. This Court has reviewed the portions of the record relied on by plaintiff. Specifically, the Court reviewed pages 405, 407, 436, 451, 454, and 463. With the exception of pages 405 and 407, the Court finds that these records do not in any way support plaintiff's position. While plaintiff may have mentioned that she suffers from fibroymyagia or was experiencing some pain, the records unquestionably relate to treatment received for abdominal issues. While pages 405 and 407 do reflect that plaintiff complained of generalized pain, the emergency room physician also diagnosed plaintiff with headaches, dizziness, abdominal pain, and cholelithiasis. With respect to plaintiff's complaints of pain, plaintiff was simply instructed to take motrin or tylenol. Thus, the Court cannot say that the ALJ erred in concluding that plaintiff did not seek treatment for fibromyalgia.

In all, plaintiff presents no argument warranting reconsideration of this Court's conclusions.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Vacate Judgment and Respond to Defendant's Objections to the Magistrate Judge's Report and Recommendation is DENIED.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge

Dated: 11/1/10